[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPOINTMENT OF RECEIVER (#104) AND MOTION TO DISMISS (#105)
The defendant, Corrine M. Clare[1], moves to dismiss on the grounds that the court lacks personal jurisdiction over her for the following reasons: (1) the plaintiff, Bankers Trust Company, did not serve her in accordance with General Statutes § 52-57 (a); (2) the order of notice was insufficient because it did not contain a supporting affidavit; and (3) the order of notice did not comply with General Statutes § 52-59d
or Practice Book § 11-8. Practice Book § 11-4 provides in relevant part: "Applications for orders of notice . . . shall state . . . all reasonable efforts have been made to ascertain the residence and have failed, and shall further state what notice is considered most likely to come to the attention of such person, with the reasons therefor . . . ".[2] Here, the order of notice provides that the defendant resides at an unknown address somewhere in Jamaica. Moreover, the order of notice provides for the complaint to be served on the defendant's attorney who is the recipient of the rents received on the property that is the subject of this foreclosure action. Hence, the order of notice meets the requirements of Practice Book § 11-4. CT Page 10326
The court further holds that the order of notice did not violate General Statutes § 52-59d and Practice Book § 11-8 which concern orders of notice pertaining to defendants outside of the United States. Here, the defendant in her supplemental motion to dismiss argues that the order of notice violates § 52-59d and Practice Book § 11-8
because it fails to contain information concerning whether the order complies with applicable treaties with Jamaica. The defendant, however, does not state whether she does indeed reside in Jamaica or her exact residential address in Jamaica. Moreover, in her original motion to dismiss, the defendant herself argued that the order of notice violated General Statutes § 52-57 (a) which concerns serving defendants in this state. Consequently, without knowing the defendant's residence it is impossible to determine whether the order of notice would violate any treaties with Jamaica, thereby invoking § 52-59d and Practice Book § 11-8. Accordingly, the court denies the motion to dismiss.
The plaintiff moves for an appointment of receiver of rents on the ground that the accruing interest of the mortgage debt has caused the mortgage debt to exceed the fair market value of the property. "Rents collected by a receiver are necessary to protect a foreclosing mortgagee's rights only where he has established a deficiency between the amount of the mortgage debt and the value of the property." (Emphasis added.) Elstein v. Attick, Superior Court, judicial district of Danbury, Docket No. 303506 (June 2, 1993, McGrath, J.). Here, while the motion for appointment of receiver of rents alleges the property has a fair market value of $247,000.00, the plaintiff provides neither evidence nor affidavits concerning how it derived the fair market value. Consequently, the court can not ascertain whether a deficiency exists because the plaintiff has not established sufficiently the fair market value of the property. Accordingly, the court denies the motion for appointment of a receiver of rents.
HICKEY, J.